This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 30,338

**BERNADETTE SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Matthew J. Sandoval, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

At the close of trial in this case, Defendant moved for a new trial. The motion was denied and Defendant appeals. We issued a calendar notice proposing to affirm

the district court's denial of the motion for a new trial. We have received a response to our calendar notice from Defendant. After due consideration of Defendant's arguments in opposition to our proposed disposition, we affirm the district court's decision.

Defendant continues to claim that she did not receive a fair trial due to the State's failure to disclose prior to trial a photograph of Defendant that was used during the State's closing argument. [MIO 3] Defendant claims that she should have been granted a new trial and that the district court should have instructed the jury to disregard the photograph that was displayed by the State. In our calendar notice, we discussed the details of the photograph, including the fact that the photograph included no background information, only showed a small sliver of the garment that Defendant was wearing, and depicted Defendant with a broad smile on her face. Unlike the situation in *State v. Haynes*, 2000-NMCA-060, 129 N.M. 304, 6 P.3d 1026, the jury was not shown two photographs of Defendant's front and profile, which might have led to an inference by the jury that Defendant had a criminal record. *Id.* ¶ 13. In fact, the district court found that there was "very little" to indicate that the photograph was a booking photograph and also found that showing the photograph to the jury was not highly prejudicial. [RP 240] In our calendar notice, we

distinguished this case from those cases in which photographs, photographic arrays, and references to mug shots were found to be improper.

As noted in our calendar notice, defense counsel was told that the State would use the photograph during closing argument. Defense counsel was asked if he would like to see the photograph, but he declined saying, "No so . . . long as the photo doesn't say guilty all over it." [RP 236] Defense counsel did not look at the photograph that was displayed during the State's closing argument. [MIO 3] When the photograph was brought to the district court's attention following the trial, the court determined that enough of the photograph was cropped so that the jury would not know it was a booking photograph. [DS 2]

The photograph used by the State during closing argument was not referred to as a booking photograph and there is nothing in the photograph that would have indicated to the jury that it was a booking photograph. As explained in *Haynes*, even when evidence is erroneously admitted at trial, the admission of the evidence is harmless and not prejudicial unless there is a reasonable possibility that the admitted evidence may have contributed to the conviction. *Id.* ¶ 22. In this case, there was nothing to indicate that the photograph was a booking photograph and the photograph did not indicate that Defendant had, in the past, committed a crime or other bad act. There is no reasonable possibility that the photograph contributed to Defendant's

conviction. As explained in our calendar notice, the district court did not abuse its discretion in refusing to grant a new trial, and the district court did not err in failing to instruct the jury to disregard the photograph.

For the reasons discussed in this opinion and those discussed in our calendar notice, we affirm the district court's decision.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**


_____
**TIMOTHY L. GARCIA, Judge**